RE: OPINION REQUEST REGARDING CONSTITUTIONALITY OF THE COMMISSIONERS OF THE LAND OFFICE GRANTING RIGHT OF WAY ON SCHOOL LAND TRUST PROPERTY WITHOUT PAYMENT
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR OPINION REQUEST REGARDING MANAGEMENT OF SCHOOL LANDS. BECAUSE THERE IS CONTROLLING CASE LAW AND A PREVIOUS ATTORNEY GENERAL OPINION WHICH ADDRESS YOUR CONCERN, WE ARE RESPONDING TO YOUR QUESTION BY WAY OF AN INFORMAL OPINION, WHICH IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL, RATHER THAN AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. THE INQUIRY YOU POSE ASKS, IN EFFECT:
 MAY THE COMMISSIONERS OF THE LAND OFFICE GRANT RIGHTS OF WAY ACROSS SCHOOL LAND TRUST PROPERTY WITHOUT RECEIVING PAYMENT?
AS YOU KNOW, THE SCHOOL LANDS TRUST — WHICH IS ADMINISTERED BY THE COMMISSIONERS OF THE LAND OFFICE, FOR THE STATE AS TRUSTEES-CONSISTS OF LANDS AND FUNDS GRANTED TO THE STATE OF OKLAHOMA UPON ITS ADMISSION INTO THE UNION. OKLAHOMA ED. ASS'N. INC. V. NIGH, 642 P.2D 230, 235 (OKLA. 1982). THESE GIFTS OF LANDS AND FUNDS, GRANTED IN OKLAHOMA'S ENABLING ACT, WERE ACCEPTED IRREVOCABLY BY THE PEOPLE OF OKLAHOMA. THEIR ACCEPTANCE WAS SET OUT IN ARTICLE XI, SECTION 1 OF THE OKLAHOMA CONSTITUTION. (ID.).
THE OKLAHOMA SUPREME COURT HAS DETERMINED THAT THE ACCEPTANCE PROVISIONS OF THE OKLAHOMA CONSTITUTION AND THE ENABLING ACT "CONSTITUTE AN IRREVOCABLE COMPACT BETWEEN THE UNITED STATES AND OKLAHOMA, FOR THE BENEFIT OF THE COMMON SCHOOLS, WHICH CANNOT BE ALTERED OR ABRIDGED." 642 P.2D AT 235; ACCORD; STATE OF OKLAHOMA EX REL. MAC O. WILLIAMSON V. COMMISSIONERS OF THE LAND OFFICE, 301 P.2D 655, 658-659 (OKLA. 1956). UNDER THIS "IRREVOCABLE COMPACT," THE STATE HAS AN IRREVOCABLE DUTY, AS TRUSTEE, TO "MANAGE THE TRUST ESTATE FOR THE EXCLUSIVE BENEFIT OF THE BENEFICIARIES, AND RETURN FULL VALUE FROM THE USE AND DISPOSITION OF TRUST PROPERTY." 642 P.2D AT 235.
IN OKLAHOMA ED. ASS'N V. NIGH, 642 P.2D 230 (OKLA. 1982), THE OKLAHOMA SUPREME COURT STRUCK DOWN, AS VIOLATIVE OF THE OKLAHOMA CONSTITUTION, CERTAIN STATUTES WHICH LIMITED THE RENTS THAT THE COMMISSIONERS OF THE LAND OFFICE COULD CHARGE ON TRUST PROPERTY, AND WHICH LIMITED THE AMOUNT OF INTEREST THE COMMISSIONERS COULD CHARGE ON THE LOAN OF TRUST ASSETS. IN STRIKING DOWN THESE STATUTES, THE SUPREME COURT STATED:
 "NO ACT OF THE LEGISLATURE CAN VALIDLY ALTER, MODIFY, OR DIMINISH THE STATE'S DUTY AS TRUSTEE OF THE SCHOOL LAND TRUST TO ADMINISTER IT IN A MANNER MOST BENEFICIAL TO THE TRUST ESTATE AND IN A MANNER WHICH OBTAINS THE MAXIMUM BENEFIT IN RETURN FROM THE USE OF TRUST PROPERTY OR LOAN OF TRUST FUNDS."
642 P.2D AT 236.
THE UNITED STATES SUPREME COURT ADDRESSED A SIMILAR ISSUE IN THE LASSEN V. ARIZONA, 385 U.S. 458, 87 S.CT. 584, 17 L.ED.2D 515, (1967). IN THAT CASE, THE ARIZONA HIGHWAY DEPARTMENT SOUGHT TO ACQUIRE RIGHTS OF WAY AND MATERIAL SITE ON ARIZONA'S "SCHOOL LANDS" — GIVEN BY THE FEDERAL GOVERNMENT TO THE STATE OF ARIZONA, IN TRUST, WHEN IT ENTERED THE UNION. THE HIGHWAY DEPARTMENT'S POSITION WAS THAT IT DID NOT HAVE TO ACTUALLY COMPENSATE THE TRUST FOR THE RIGHTS OF WAY, WITH MONEY, AS, THE DEPARTMENT ARGUED, IT MAY BE CONCLUSIVELY PRESUMED THAT ALL HIGHWAYS ENHANCE THE VALUE OF THE REMAINING TRUST LANDS IN AMOUNTS AT LEAST EQUAL TO THE VALUE OF THE LANDS WHICH WERE TAKEN. RELYING ON PROVISIONS OF ARIZONA'S ENABLING ACT, MUCH LIKE THE PROVISIONS OF OKLAHOMA'S ENABLING ACT, THE UNITED STATES SUPREME COURT HELD:
 (T)HAT ARIZONA MUST ACTUALLY COMPENSATE THE TRUST IN MONEY FOR THE FULL APPRAISED VALUE OF ANY MATERIAL SITES OR RIGHTS OF WAY WHICH IT OBTAINS ON OR OVER TRUST LANDS." 385 U.S. AT 469.
SIMILAR ISSUES HAVE BEEN ADDRESSED IN OKLAHOMA ATTORNEY GENERAL OPINIONS, MOST RECENTLY IN ATTORNEY GENERAL'S OPINION 72-250. IN THAT OPINION ATTORNEY GENERAL DERRYBERRY WAS ASKED TO DETERMINE WHETHER A RURAL WATER DISTRICT, WHICH WAS PLANNING TO CONSTRUCT A PIPELINE ACROSS SCHOOL LANDS, COULD DO SO FREE OF CHARGE.
FOR THE REASONS STATED ABOVE, IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE COMMISSIONERS OF THE LAND OFFICE MAY NOT, GIVE AWAY, WITHOUT FULL COMPENSATION, RIGHTS OF WAY ACROSS TRUST LANDS THEY MANAGE.
(NEAL LEADER)